UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LESLIE RACHEL REED, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:23-CV-01039-SPM |
| ST. LOUIS PUBLIC SCHOOLS BOARD OF EDUCATION, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss or, in the Alternative, for More Definite Statement (Doc. 12). The motion has been fully briefed. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 16). For the reasons stated below, the motion to dismiss Plaintiff's Title VII claims will be granted, the motion to dismiss Plaintiff's disability discrimination claim will be denied, and the motion for more definite statement as to Plaintiff's disability discrimination claim will be granted.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, Ms. Leslie Rachel Reed, who is self-represented, filed her Complaint on August 21, 2023, using the Court's Employment Discrimination Complaint form.[1] Plaintiff alleges discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and discrimination in violation of the Americans with Disabilities Act of 1990, as amended, 42. U.S.C. §§ 120101, *et seq.* On the part of the complaint form asking what conduct

---

[1] Plaintiff named Defendant as "Board of Education City (SLPS)"; Defendant indicates in its answer that its name is "St. Louis Public Schools Board of Education." *See* Answer, Doc. 11.

she complains of, she checked the box for "harassment" and the box for "other conduct." In the "other conduct" section, she wrote, "aggrevate [sic] sexual abuse while at work and defamation and false statements while at work from staff." Complaint, Doc. 1, at 4. She also checked the boxes indicating that she was discriminated against because of her race and because of her disability. *Id.* at 5. When asked to state the essential facts of her claims, she stated, "While at work on August 16 2022 starting Tyler A. Archer and his staff began to harass me with assaulting statements and false defamation statements calling me out of my name and physically assaulting me with sexual touches." *Id.* She asks for $10,000 in lost wages. *Id.* at 7.

The parties have attached to the pleadings a copy of the Charge of Discrimination Plaintiff presented to the Equal Employment Opportunity Commission ("EEOC"), dated June 30, 2023,[2] and a copy of Determination and Notice of Rights letter Plaintiff received from the EEOC, dated July 11, 2023. In the "DISCRIMINATION BASED ON" box, the EEOC Charge states, "Disability." EEOC Charge, Doc. 11-1, at 1. In the box asking Plaintiff to describe the particulars, the EEOC Charge states:

1. I was hired by the above referenced employer [Board of Education of St. Louis] in August 2022 as a Special Education Teacher Aide. My rate of pay was $1,035.00/bi-weekly. I was supervised by Dr. Archery, the Principal. I was diagnosed with a disability in 1996.

2. August 16, 2022, Dr. Archery walked into the classroom that I was assigned and stood in the door and called me a dirty motherfucker. I am not sure if Ms. Ford, Special Education Teacher heard the comment, however, she was in the classroom. I did not respond. A couple of days later, I was in Ms. Byes Special Education Teacher class sitting with a student when Dr. Archery entered the class and told Ms. Bye that I was a dirty motherfucker. Ms. Bye did not respond

---

[2] The footer on the Charge of Discrimination indicates that it consists of three pages. Plaintiff attached to her Complaint a version that was missing page 2, *see* Doc. 1-5, and Defendant attached to its answer a version that was missing page 3, *see* Doc. 11-1.

      and neither did I. I was constructively discharged on December 23, 2023[3] when I was forced to resign due to the harassment.

3. I believed that I have been discriminated against due to my disabilities and that I was harassed and constructively discharged in violation of the Americans with Disability Act of 1990, as amended.

EEOC Charge, Doc. 11-1, at 1-2.

On October 17, 2023, Defendant filed a Motion to Dismiss or, in the Alternative, for More Definite Statement. Defendant asks the Court to dismiss Plaintiff's Title VII race discrimination claim for failure to exhaust administrative remedies, to dismiss Plaintiff's Title VII sex discrimination/sexual harassment claim (to the extent she asserts one) for failure to exhaust administrative remedies and for failure to state a claim, and to dismiss Plaintiff's disability discrimination claim under the Americans with Disabilities Act ("ADA") as improperly pleaded. In the alternative, Defendant asks for a more definite statement of the nature of Plaintiff's cause of action.

Plaintiff did not respond to Defendant's motion by the applicable deadline. However, at the Rule 16 hearing held on December 6, Plaintiff requested and was granted an extension of the deadline—until December 19, 2023—to file a response to Defendant's motion to dismiss. On December 6, 2023, Plaintiff filed a document titled, "More Definite Statement," with the second line being, "Motion for More Definite Statement, states as follows below." *See* Doc. 21. In the document, Plaintiff offers a more detailed recitation of facts of Plaintiff's race, sex, and disability discrimination claims; she does not specifically address the issue of exhaustion of administrative remedies as to her race and sex discrimination claims. The deadline for Plaintiff to file a response to the motion to dismiss has passed, and Plaintiff has not filed any other documents, so the Court

---

[3] This appears to be a typographical error, given that the EEOC Charge was filed in June 2023; it appears that the resignation occurred in 2022.

– 3 –

construes this as her response to Defendant's motion to dismiss. On December 18, 2023, Defendant filed a document titled, "Defendant's Opposition to Plaintiff's Motion for More Definite Statement," Doc. 23, apparently construing Plaintiff's December 6 document as a motion for more definite statement and asking the Court to deny it as procedurally improper.

## II.  LEGAL STANDARDS

### A.  Legal Standard for Motion to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may assert by motion that a pleading "fail[s]to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "detailed factual allegations" are not required, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. When ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept as true all of the factual allegations in the complaint, but it need not accept the legal conclusions. *Iqbal*, 556 U.S. at 678. The Court must make "all reasonable inferences in favor of the nonmoving party." *Usenko v. MEMC LLC,* 926 F.3d 468, 472 (8th Cir. 2019). Additionally, "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.,* 122 F.3d 539, 546 (8th Cir. 1997)).

A complaint filed by a self-represented plaintiff should be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S.

89, 94 (2007) (quotation marks omitted). "[I]f the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quotation marks omitted).

When ruling on a motion to dismiss under Rule 12(b)(6), "the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record." *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)) (quotation and citation omitted). The Eighth Circuit has held that "an EEOC charge is a public record which can be considered on a motion to dismiss." *Id.*

### B. Legal Standard for Motion for a More Definite Statement

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable." *Turner v. Ferriero*, No. 4:22-CV-33 RLW, 2022 WL 13689791, at *2 (E.D. Mo. Oct. 21, 2022) (quoting *Tinder v. Lewis Cnty. Nursing Home Dist.*, 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001)).

### III. DISCUSSION

### A. Failure to Exhaust Administrative Remedies (Title VII Claims)

The Court first considers Defendant's argument that Plaintiff's Title VII claims (which, reading Plaintiff's Complaint broadly, include race discrimination and sex discrimination/sexual harassment claims) must be dismissed because Plaintiff failed to exhaust administrative remedies

as to those claims. It is well established that to bring a claim under Title VII, a plaintiff must first exhaust his or her administrative remedies with the EEOC. *See, e.g., Tyler v. Univ. of Ark. Bd. of Trs.*, 628 F.3d 980, 989 (8th Cir. 2011) ("A Title VII plaintiff is "required to exhaust his [or her] administrative remedies with the EEOC before bringing a formal action."); *Williams v. Spire*, No. 4:23-CV-43 RLW, 2023 WL 6477973, at *3 (E.D. Mo. Oct. 5, 2023) ("Timely filing a charge of discrimination with the EEOC or with the State or local agency is a precondition to suit under Title VII and the ADA.") (citing *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012)). *See also* 42 U.S.C. § 2000e-5(e)(1). The Eighth Circuit has explained that "[t]he reason for requiring the pursuit of administrative remedies first is to provide the EEOC with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation." *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005).

To determine what federal claims a plaintiff exhausted, the Court looks to the boxes that were checked on the EEOC charge and the narrative description of the allegations in the EEOC charge. *See, e.g., Thomas v. St. Louis Bd. of Educ.*, No. 4:19-CV-198 CAS, 2019 WL 3323028, at *2 (E.D. Mo. July 24, 2019) (citing *Blakley*, 648 F.3d at 931, & *Tyler*, 628 F.3d at 989). "[A] plaintiff will be deemed to have exhausted administrative remedies if the allegations of the judicial complaint are like or reasonably related to the administrative charges that were timely brought." *Wedow v. City of Kansas City, Mo.*, 442 F.3d 661, 672 (8th Cir. 2006) (quotation marks omitted). The Court should "liberally construe an administrative charge for exhaustion of remedies purposes"; however, "there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made." *Sellers v. Deere & Co.*, 791 F.3d 938, 943 (8th Cir. 2015) (quotation marks omitted).

– 6 –

Where the plaintiff's failure to exhaust administrative remedies under Title VII is apparent from the face of the complaint and the EEOC charge, dismissal under Rule 12(b)(6) is appropriate. *See Richter*, 686 F.3d at 851 (affirming dismissal under Rule 12(b)(6) of Title VII discrimination claims in the complaint that were not alleged in the EEOC charge); *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 801 (8th Cir. 2011) (same).

A review of Plaintiff's EEOC charge shows that Plaintiff alleged only disability discrimination in her administrative proceeding. In the "DISCRIMINATION BASED ON" box, she stated, "Disability"; she did not mention race or sexual harassment. In the narrative part of the form, she described the nature of her employment, stated that she was diagnosed with a disability, described incidents in which she was called "a dirty motherfucker," and alleged that she was constructively discharged due to the harassment. She concluded her narrative by stating, "I believe that I have been discriminated against due to my disabilities in that I was harassed and constructively discharged in violation of the Americans with Disability [sic] Act of 1990, as amended." She did not mention race, sex, or harassment of a sexual nature anywhere in the Charge of Discrimination. The Court finds that even when Plaintiff's EEOC charge is liberally construed, Plaintiff's race and sex discrimination claims under Title VII claims are not "like or reasonably related to" the disability claim in the EEOC charge. Thus, Plaintiff has failed to exhaust her administrative remedies with respect to her Title VII claims, and those claims must be dismissed. The Court need not address Defendant's alternative arguments in favor of dismissing those claims.

### B.  Disability Discrimination Claim

Defendant next argues that Plaintiff's disability discrimination claim should be dismissed because it was not properly pleaded under Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), or Rule 10(b),

which requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b). Defendant points out that Plaintiff's Complaint uses a single sentence to state the facts that supposedly form the basis for several different claims, without articulating which facts support which claims. Defendant also argues that although the Complaint uses words and phrases such as "harass," "assaulting statements," "defamation statements," and "physically assaulting with sexual touches," the Complaint lacks facts regarding the who, what, when, where, and how of the statements and conduct at issue. Defendant argues that it does not have fair notice of the claims asserted against it and cannot adequately respond to the Complaint. Defendant asks the Court to dismiss the Complaint, or in the alternative to require Plaintiff to file a more definite statement of her claims pursuant to Rule 12(e).

The Court agrees with Defendant that Plaintiff's Complaint does not comply with Rule 8(a)(2) or Rule 10(b). Her claims are not set forth in numbered paragraphs, as required by Rule 10(b); instead, she uses a single sentence to allege disability, race, and sex discrimination claims. Her Complaint also does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Rule 8(a)(2). For example, although Plaintiff checked the box indicating that she is asserting a disability claim, she does not allege that she is disabled, does not allege that she has any mental or physical impairments, does not allege that Defendant or Defendant's employees were aware of her disability, does not allege any failure to provide accommodations for her disability, and does not allege that any of the harassment or defamatory statements she alleges occurred were related in any way to her disability. The Court agrees with Defendant that the Complaint, as written, does not satisfy "the essential function of a complaint," which is "to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *See Topchian v. JPMorgan Chase Bank,*

*N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal quotation marks omitted). It is so vague and ambiguous, and has such significant omissions, that Defendant cannot reasonably prepare a response to it.

In her response, which Plaintiff entitled "More Definite Statement," Plaintiff included some additional facts regarding her claims, including her claim of disability discrimination. It is well established that a plaintiff may not add factual allegations to his or her Complaint through a response to a motion to dismiss. *See, e.g.*, *Turner v. Ferriero*, No. 4:22-CV-33 RLW, 2022 WL 13689791, at *2 (E.D. Mo. Oct. 21, 2022) ("Plaintiff . . . cannot add factual allegations to her Complaint with a legal memorandum."); *Tuttle v. Lorillard Tobacco Co.*, 118 F. Supp. 2d 954, 959 (D. Minn. 2000) ("When considering a motion to dismiss, the Court looks only to the factual allegations in the complaint. Any allegations made in subsequent legal memoranda cannot correct inadequacies within a complaint."). However, in light of Plaintiff's indication to the Court through this filing that she may have additional facts she wants to present in support of her disability claim, the Court finds that the appropriate action at this time is not to dismiss Plaintiff's disability claim, but to grant Defendant's alternative motion for a more definite statement and allow Plaintiff to amend her complaint.

If Plaintiff wishes to proceed with her claim of disability discrimination in violation of the Americans with Disabilities Act, she must file an amended complaint using a court-provided form. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). Because Plaintiff's Title VII claims for race discrimination, sex discrimination, and sexual harassment are being dismissed for failure to exhaust administrative remedies, her amended complaint should not include those claims. Plaintiff's amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and must contain sufficient allegations, set forth in numbered paragraphs, to give

Defendant fair notice of the nature of Plaintiff's claim and the facts supporting it. Plaintiff is advised that the filing of the amended complaint completely replaces her original complaint, so the amended complaint must include all factual allegations and claims Plaintiff wishes to assert. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect.").

## IV.  CONCLUSION

For all of the above reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss or, in the Alternative, for More Definite Statement (Doc. 12), is **GRANTED IN PART** and **DENIED IN PART**, as follows.

Defendant's motion to dismiss Plaintiff's claims of discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, is **GRANTED**, and Plaintiff's claims for racial discrimination, sex discrimination, and sexual harassment are **DISMISSED**.

Defendant's motion to dismiss Plaintiff's claim of disability discrimination in violation of the Americans with Disabilities Act of 1990, as amended, 42. U.S.C. §§ 120101, *et seq.*, is **DENIED**.

Defendant's motion for a more definite statement on Plaintiff's claim of disability discrimination in violation of the Americans with Disabilities Act of 1990, as amended, 42. U.S.C. §§ 120101, *et seq.*, is **GRANTED**. If Plaintiff wishes to pursue this claim, Plaintiff must file an amended complaint consistent with the requirements set forth above no later than **twenty-eight (28)** days from the date of this Memorandum and Order.

**If Plaintiff fails to file an amended complaint on the court-provided form within twenty-eight (28) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice.**

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of January, 2024.